Creed F. BROWN, Plaintiff-Appellee,

v.

CITIES SERVICE OIL COMPANY, Defendant/Third Party Plaintiff-Appellant,

v.

AUGENSTEIN CONSTRUCTION COMPANY, INC., Third Party Defendant-Appellee.

No. 82–2440.

United States Court of Appeals, Fifth Circuit.

June 11, 1984.

Rehearing and Rehearing En Banc Denied July 12, 1984.

---

Kent E. Westmoreland, Houston, Tex., for defendant/third party plaintiff-appellant.

Tonahill, Hile & Leister, Joe H. Tonahill, Jasper, Tex., for Brown.

Rienstra, Rienstra & Dowell, Gerald R. Flatten, Beaumont, Tex., for Augenstein.

Before POLITZ, JOHNSON and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity negligence action, defendant Cities Service Company, a/k/a Cities Service Oil Company, appeals the district court's entry of a judgment *non obstante veredicto* in favor of the plaintiff Creed F. Brown and the third-party defendant Augenstein Construction Company, Inc. Concluding that the district court erroneously applied the substantive tort law of Texas instead of that of Louisiana, we reverse and remand for a new trial.

### Facts and Procedural Background

Cities Service, a Delaware corporation, operates a major oil refining plant in Lake Charles, Louisiana. In February 1981, Cities Service entered into a cost-plus construction contract with Augenstein Construction Company, a Louisiana corporation. Augenstein specializes in the construction and renovation of super-heaters, large furnace-like devices used to heat petrochemicals in oil refining plants. Pursuant to the contract, Augenstein agreed to furnish its own employees, tools, equipment, and supervision for the performance of various maintenance, repair, and renovation projects at the Cities Service facilities in the Lake Charles area. The contract was executed in Louisiana and was to be performed in Louisiana by Louisiana labor.

In March 1981, Augenstein hired Creed F. Brown to participate in the pipefitting work required by the Cities Service contract. Brown, who was then a resident of Louisiana, was hired in Louisiana to perform work in Louisiana. The precise nature of the work performed by Brown and his Augenstein co-workers is disputed. Brown claims that the Augenstein employees were involved in the technically demanding job of constructing super-heaters. Cities Service maintains that Augenstein merely undertook routine maintenance and renovation projects, tasks that were routinely performed by Cities Service's own employees.

Brown sued for injuries that he allegedly sustained on April 21, 1981, while attempting to make a quick descent from a 20-foot high scaffolding. A fire alarm had been sounded in response to an escape of gas vapors from a nearby pipe being worked on by Cities Service employees. The Augenstein employees responded to the alarm by descending from the scaffolding and moving to a designated place of safety. Brown fell either once or twice during the exodus.

Brown brought his tort claim against Cities Service invoking the court's diversity jurisdiction. 28 U.S.C. § 1332. At the time he filed the suit, Brown had resumed his residence in Groves, Texas. Cities Service filed a third-party demand against Augenstein based upon the indemnification provision of the cost-plus contract.

At the close of the evidence, Cities Service moved for a directed verdict, alleging *inter alia*, that as Brown's statutory employer under Louisiana law its liability to Brown was limited to the payment of work-

ers' compensation benefits. The court denied the motion.

The district court instructed the jury on the relevant Texas tort law [1] and submitted the case to the jury on six special interrogatories. The jury awarded damages of $150,000 and assessed the negligence for the accident at 51% to Cities Service and 49% to Brown. The jury found no negligence on the part of Augenstein and found further that Brown sustained his injuries in connection with the work covered by the cost-plus contract.

All parties filed post-judgment motions. Finding as a matter of law that Brown's injuries were not proximately caused by his own negligence and that Brown was not a statutory employee of Cities Service, the court granted Brown a judgment n.o.v. against Cities Service for $150,000. Based upon the jury's finding that Augenstein was free of fault in the accident and upon its own legal conclusion that Brown also was free of fault, the court exonerated Augenstein from any liability to Cities Service under the terms of the cost-plus contract.

*Analysis*

■ It is axiomatic that a federal court exercising diversity jurisdiction under 28 U.S.C. § 1332 is to apply the substantive law of the forum state, including its conflicts of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In the case at bar the district court was obliged to apply the Texas conflicts rule. This rule directs the application of the substantive tort law of the state that has the most significant relationship to the facts and circumstances surrounding the litigation. *Crim v. International Harvester Co.,* 646

F.2d 161 (5th Cir.1981) (noting that Texas had abandoned the traditional choice-of-law rule, *lex loci delicti,* in favor of the most significant relationship test); *Gutierrez v. Collins,* 583 S.W.2d 312 (Tex.1979) (opinion by then Texas Supreme Court Justice Sam D. Johnson, now a member of this court).

■ It cannot be gainsaid that Louisiana is the state with the most significant relationship to Brown's April 21, 1981 accident. Brown was residing in Louisiana and was hired in Louisiana by a Louisiana corporate employer to work in Louisiana for a Louisiana based principal. The accident complained of occurred in Louisiana. That Brown was a Texas resident at the time of trial and that he was examined by two Texas doctors in preparation for trial comprise the totality of Texas' involvement in this matter.

Under the Texas conflicts of law rule, then, the substantive tort law of Louisiana must be applied to this case. Louisiana's rules governing the determination of primary negligence, defenses, comparative negligence, and quantum must all be applied. We reverse the judgment of the court, vacate the verdict and remand for a new trial not inconsistent herewith.

*Remand*

On remand the district court must address and apply important questions of Louisiana law. We comment briefly thereon, primarily because of the apparently elusive nature of the statutory employer issue.

Under the Louisiana workers' compensation statute, specifically La.R.S. 23:1061, a principal may become liable for benefits to

---

1. Although the court specifically referred to Texas law only once during the charge, it is evident from the charge that the court applied Texas substantive law. First, the court instructed the jury that under the doctrine of comparative fault Brown could recover only if his own negligence constituted 50% or less of the total fault causing the injuries. This is a correct statement of the law of Texas but not of Louisiana, which employs pure comparative fault. Louisiana Civ-

il Code art. 2323. Second, the court denied Cities Service's request for a jury charge on the statutory employer question. Unlike the law of Texas, Louisiana law, La.R.S. 23:1061, under certain circumstances deems the employees of a subcontractor employees of the principal for compensation purposes. The principal, liable for workers' compensation benefits, enjoys a concomitant immunity from any tort claim by its statutory employees. La.R.S. 23:1032.

the employee of a subcontractor. That section provides in pertinent part:

> Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...

The underlying purpose of § 1061 is to ensure that employers do not evade compensation responsibility by contracting out the dangerous parts of their regular work to independent contractors who do not provide compensation protection. *Williams v. Shell Oil Co.*, 677 F.2d 506 (5th Cir.1982).

■■■■ Workers' compensation is an exclusive remedy. Any employer who is liable for workers' compensation benefits, including a statutory employer under § 1061, is immune from tort liability for the occurrence upon which the compensation claim is based. La.R.S. 23:1032. As we observed in *Chavers v. Exxon Corp.*, 716 F.2d 315, 318 (5th Cir.1983):

> an integral part of making employees of individual contractors (who might not be able or willing to provide coverage) the employees of the principal for compensation purposes is the insulation of the principal from third-party liability for any injury sustained. The decision to so structure the law was a conscious legislative act.

■■■■ Typically, it is a question of fact whether the work performed by the contractor is part of the trade or business of the principal, so as to make the principal the injured employee's statutory employer under § 1061. *Chavers v. Exxon; Ortego v. Union Oil Co.*, 667 F.2d 1241 (5th Cir. 1982). In *Blanchard v. Engine & Gas Compressor Services, Inc.*, 613 F.2d 65, 71 (5th Cir.1980), we articulated a disjunctive factual test for determining whether a statutory employment relationship exists:

> The proper standard, as we see it, is whether the activity done by the injured employee or his actual immediate employer is part of the usual or customary practice of the principal or others in the same operational business.
>
> More specifically, we should first consider whether the particular principal involved in the case customarily does the type of work performed by the contractor and whether the contractor's work is an integral part of the work customarily performed by the principal. If either of these situations exists, then there is a statutory employment relationship, and the inquiry ends there. If, however, the principal does not normally engage in this type of activity, or if it is not normally a part of his practices, then it is necessary to determine if others engaged in businesses similar to that of the principal customarily do this type of work or if it is an integral part of their businesses. If either of these inquiries yields an affirmative answer, then the general custom of the trade will control to make the relationship between the principal in question and his contractors' employees that of statutory employer and employee.

Normally this determination is for the selected finder of fact which, in this case, is the jury.

Recently in *Hodges v. Exxon Corp.*, 727 F.2d 450 (5th Cir.1984), Judge Brown, the author of *Blanchard,* again considered this issue. After analyzing subsequent decisions by this court as well as intervening decisions by the Louisiana courts, Judge Brown concluded that, with refinements, the *Blanchard* test still applies. We reach that same conclusion. We perceive no significant variance made necessary by the later decisions of the Louisiana Supreme Court in *Lewis v. Exxon Corp.*, 441 So.2d 192 (La.1983), and *Benson v. Seagraves,* 436 So.2d 525 (La.1983).

Cities Service contends that we should hold as a matter of law that it was the statutory employer of Brown. We decline to do so on this record. Although summary resolution of the employment relationship is not inappropriate in a proper case, *Chavers v. Exxon; Darville v. Texaco, Inc.*, 674 F.2d 443 (5th Cir.1982), such an invasion of the jury's factfinding function is inappropriate where the material facts are in dispute. *See Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc). Although the record reflects that Cities Service performed many of the tasks undertaken by Augenstein and, indeed, that Cities Service employees actually completed the project upon which Augenstein employees were working when Brown was injured, the testimony is conflicting as to the precise nature of the work Augenstein contracted to do for Cities Service. As Chief Justice Dixon of the Louisiana Supreme Court stated in *Lewis v. Exxon Corp.*, 441 So.2d at 199: "The contract project as a whole must be considered ... The 'work' contemplated by the statute can hardly be the individual tasks performed by each worker ... The 'work' at issue here is the employer's work—the construction project."

On remand, the district court should charge the jury about the distinction between proximate and remote causes, as defined by Louisiana law. *See Hebert v. United Gas Pipe Line Co.*, 210 So.2d 71 (La.App.1968). Further, to enable the reviewing court to determine more certainly whether this distinction was properly observed, the district court should consider requiring the jury to specify the acts or omissions upon which it bases any finding of negligence.

If the jury finds that Brown's injuries were proximately caused by the negligence of both Brown and Cities Service, Louisiana law directs an assessment of liability on a pure comparative basis. Civil Code art. 2323 provides:

When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.

Each party is to bear the burden of liability proportionate to its own share of the fault, no matter how great or small.

Finally, we are in accord with the manner in which the district court handled the indemnity issue with the jury. It was for the jury to decide whether Brown's accident occurred "in connection with" the work or operations covered by the cost-plus contract.

REVERSED and REMANDED.