**Gary F. WILKERSON, et ux.**

v.

**MONSANTO COMPANY.**

**No. 1:90–CV–0408.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 6, 1991.

John D. Stone, Stone & Stone, Beaumont, Tex., for plaintiffs.

Tanner T. Hunt, Jr., Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Defendant Monsanto Company ("Monsanto") moves for summary judgment in this Texas Workers' Compensation case. Monsanto contends that it is the statutory employer of the plaintiff, Gary Wilkerson, and is therefore immune from suit under the exclusive remedy provisions of the Texas Workers' Compensation Act. Because a premises owner is not a prime contractor under the relevant provisions of the Texas Workers' Compensation Act, the motion for summary judgment is denied.

In June, 1988, Monsanto contracted with Austin Industries ("Austin") for construction services at Monsanto's Chocolate Bayou Plant near Alvin, Texas. Under that agreement, Monsanto provided workers compensation coverage for Austin's employees "for work performed at the Project Site or the ways immediately adjoining the Project Site." *See* Exhibit B, § 3.1.1.

Wilkerson now sues Monsanto at common law for injuries he allegedly received at the Chocolate Bayou Plant in July, 1988. Monsanto claims that because Monsanto provided workers compensation coverage for Wilkerson while he worked at the Chocolate Bayou Plant, it is a statutory employer entitled to immunity from suit under the exclusive remedy provisions of the Act.

■ Monsanto is not, however, the statutory employer. The agreement, drafted by Monsanto, refers to Monsanto Company as "Monsanto" and to Austin Industrial, Inc. as "Contractor." *See* Exhibit A. Later, the contract states, "Neither Contractor nor anyone employed or engaged by him shall become an agent, representative, servant or employe[e] of Monsanto in the performance of the Work or any part thereof." Exhibit B, § 43.1.

At the time of injury the Texas Workers Compensation Act provided:

(a) A subcontractor and prime contractor may make a written contract whereby the prime contractor will provide workers' compensation benefits to the subcontractor and to employees of the subcontractor.... In any such contract, the sub-contractor and his employees shall be considered employees of the prime contractor only for purposes of the workers' compensation laws of this state and for no other purpose.

(b) The term 'subcontractor' means a person who has contracted to perform all or any part of the work or services which a prime contractor has contracted with another party to perform.

(c) The term 'prime contractor' includes 'principal contractor,' 'original contractor,' or 'general contractor' as those terms are commonly used and means the person who has undertaken to procure the performance of work or services.

TEX.REV.CIV.STAT.ANN. art. 8307, § 6 (Vernon 1991), *now* TEX.REV.CIV.STAT. ANN. art. 8308–3.05 (Vernon 1991). The Workers' Compensation Act further provided that an injured worker's exclusive remedy against his or her employer was under the Act. TEX.REV.CIV.STAT.ANN. art. 8306, § 3 (Vernon 1967), *now* TEX.REV. STAT.ANN. art. 8308–4.01(a).

■ In the absence of Texas authority to the contrary, this court must give the Tex-

as statute its plain meaning. The words of the statute provide that general contractors, as that term is commonly understood, may become statutory employers for workers' compensation purposes and thus become eligible for immunity from suit. The definitions of prime contractors and subcontractors in the statute clearly indicates that a prime contractor is one who "has contracted with another party to perform" work or services. As a landowner who contracted to have certain work done on its property, Monsanto is the principal. Monsanto is not in the posture of prime contractor and is not a statutory employer. Monsanto is therefore unable to claim the protection of the Texas Act's exclusive remedy provision.

Monsanto points out that other federal courts in this circuit have construed state workers' compensation laws to protect landowners from liability when they provide workers' compensation coverage. *See Brown v. Cities Service Oil Co.*, 733 F.2d 1156, 1159 (5th Cir.1984) (construing Louisiana statute); *Olveda v. United States*, 508 F.Supp. 255, 259 (E.D.Tex.1981) (construing Colorado statute). *Brown* and *Olveda* are easily distinguishable. First, the statutory provisions involved in both cases contained broader definitions of statutory employer than the Texas statute. *See Brown*, 733 F.2d at 1159-60 (under Louisiana law principal may become statutory employer if work performed by the subcontractor is part of the trade or business of the principal); *Olveda*, 508 F.Supp. at 258 ("Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof ... shall be construed to be an employer [for purposes of this statute]."). Second, the courts and legislatures of Colorado and Louisiana articulated policy determinations the Texas legislature and courts have declined, for whatever reasons, to embrace. *See Brown*, 733 F.2d at 1159 n. 1 (unlike Texas, Louisiana law sometimes deems the principal to be the employer of the subcontractor's employees for workers' compensation purposes); *Olveda*, 508 F.Supp. at 258-59 (Colorado statute confers immunity on principal in exchange for duty which inheres to benefit of worker). No matter how attractive the temptation to fashion state law may be, this court is not authorized to displace the Texas legislature or supreme court and rewrite the Texas Workers' Compensation Act.

Accordingly, the motion for summary judgment is denied.