John SUMMERS, Appellant,

v.

ENTERGY GULF STATES, INC., Appellee.

No. 09–04–152 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 11, 2004.

Delivered Dec. 30, 2004.

Steven C. Barkley, Beaumont, for appellant.

Christine S. Kibbe and Paul A. Scheurich, Entergy Services, Inc., Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## MEMORANDUM OPINION

DON BURGESS, Justice.

John Summers brought suit against Entergy Gulf States, Inc. for injuries sustained while working at Entergy's Sabine Station plant as an employee of International Machine Corporation (IMC). Entergy filed a motion for summary judgment, which the trial court granted. Summers brings this appeal claiming the trial court erred in granting summary judgment.

Entergy moved for summary judgment on the basis that Summers' claims are barred by the Texas Workers' Compensation Statute. Entergy argued that because it procured the performance of work from IMC, and agreed to and provided workers' compensation insurance coverage to IMC's employees, IMC's employees are deemed "employees" of Entergy for the purposes of workers' compensation. Entergy relies on sections 406.123 and 408.001 of the Texas Labor Code. Section 406.123 provides, in pertinent part:

(a) A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor.

. . . .

(e) An agreement under this section makes the general contractor the employer of the subcontractor and the sub-

contractor's employees only for purposes of the workers' compensation laws of this state.

Tex. Lab.Code Ann. § 406.123(a), (e) (Vernon Supp.2005). Under section 408.001(a), "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer or an agent or employee of the employer for ... a work-related injury sustained by the employee." Tex. Lab.Code Ann. § 408.001(a) (Vernon 1996).

Summers responded by contending the provisions of the Labor Code protect a general contractor, not an owner, from suit. Section 406.121 defines a general contractor as follows:

(1) "General contractor" means a person who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors. The term includes a "principal contractor," "original contractor," "prime contractor," or other analogous term. The term does not include a motor carrier that provides a transportation service through the use of an owner operator.

Tex. Lab.Code Ann. § 406.121(1) (Vernon 1996).

As noted by the court in *Williams v. Brown & Root, Inc.*, 947 S.W.2d 673, 677 (Tex.App.-Texarkana 1997, no writ), "[a] general contractor 'is any person who contracts directly with the owner, the phrase not being limited to one undertaking to complete every part of the work.' 17 C.J.S. Contracts § 11 (1963)." The court noted that because Eastman did not contract with the owner but instead was the owner, Eastman arguably was not protected.[1] *Id.* The court cited *Wilkerson v.*

---

1. Although the statute at issue in that case is the predecessor to the one in the instant case, it also defined a general contractor as "the person who has undertaken to procure the

*Monsanto Co.,* 782 F.Supp. 1187, 1189 (E.D.Tex.1991), in support. The court in *Monsanto* found that "[a]s a landowner who contracted to have certain work done on its property, Monsanto is the principal. Monsanto is not in the posture of the prime contractor and is not a statutory employer. Monsanto is therefore unable to claim the protection of the Texas Act's exclusive remedy provision." *Id.*

We agree with *Monsanto.* In the absence of any authority to the contrary, we give the statute its plain meaning. The statute provides that general contractors may become statutory employers for workers' compensation purposes and thus become eligible for immunity from suit. The definition of general contractor does not include an owner who does not undertake to perform work or services and then subcontracted a part of that work. This is borne out by the definition of "subcontractor," providing,

> (5) "Subcontractor" means a person who contracts with a general contractor to perform all or part of the work or services that the general contractor has undertaken to perform.

Tex. Lab.Code Ann. § 406.121(5) (Vernon 1996)(emphasis added). Entergy did not establish it had undertaken to perform work or services and then subcontracted part of that work o IMC, as a general contractor would have done.

Entergy relies on *Etie v. Walsh & Albert Co., Ltd.,* 135 S.W.3d 764 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). However, *Etie* would only apply to this case if Entergy were a general contractor.

We find Entergy did not establish as a matter of law that Summers' claims are barred by sections 406.123 and 408.001 of the Texas Workers' Compensation Statute. Therefore, the trial court erred in granting

performance of work or services." *Williams*

summary judgment. The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

*v. Brown & Root,* 947 S.W.2d at 676.