**Sheldon A. ETIE, Appellant**

**v.**

**WALSH & ALBERT COMPANY, LTD. and Walsh & Albert Company, Inc., Appellees.**

**No. 01–02–01007–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 22, 2004.

Rehearing Overruled March 4, 2004.

David J. Fisher, Silsbee, TX, Ernest H. Cannon, Ernest Cannon & Associates, Houston, TX, for Appellant.

Nicholas E. Zito, Ramey, Chandler, McKinley & Zito, P.C., Randall D. Wilkins, Hennessy, Garner & Barth, Houston, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

This is an appeal of a summary judgment rendered for appellee, Walsh & Albert Company, Ltd.,[1] against appellant, Sheldon A. Etie. As a matter of first impression, we must decide whether, under the Texas Workers' Compensation Act[2] (the Act): (1) the statutory employer/employee status given to general contractors who exercise an option to provide workers' compensation insurance in contracts with subcontractors includes all employees of *all* subcontractors, regardless of the tier they occupy; and (2) whether all of the covered workers at the site should be considered "fellow servants" who enjoy full immunity from suit. Because we conclude that the statutory employer/employee relationship extends throughout all tiers of subcontractors and that all covered employees are fellow servants who are equally entitled to workers' compensation benefits and equally immune from suit, we affirm.

### Facts

In 1999, Clark Construction Group, Inc. entered into a contract with Enron Corp. for the construction of Enron Building # 2. In early 2000, Clark Construction subcontracted part of the work to Way Engineering Company, Inc. Clark Construction exercised an option in its contract with Way Engineering to buy a single workers' compensation insurance policy from Travelers Property & Casualty Group to cover all subcontractors and employees who worked at the Enron Building # 2 site. Way Engineering, in turn, entered into a lower tier subcontract with Walsh & Albert, Ltd. to perform the sheet metal work on the building. Walsh & Albert and its employees were also covered by the workers' compensation insurance.

Etie was employed by Way Engineering. In April 2001, he was seriously injured when a plenum improperly attached to the ceiling by a Walsh & Albert employee fell

---

1. Walsh & Albert Company, Inc. is not a party to this appeal.

2. Tex. Lab.Code Ann. §§ 401.001–506.002 (Vernon 1998 & Supp.2004).

and struck him. Etie sought and recovered workers' compensation benefits. He also filed a third-party negligence suit against Walsh & Albert Company, Ltd. and Walsh & Albert, Inc. Both Walsh & Albert entities filed traditional motions for summary judgment, which the trial court granted. Etie appeals only the summary judgment rendered for Walsh & Albert Company, Ltd.

## Discussion

In his sole point of error, Etie contends that Walsh & Albert misconstrues the Act by creating an inference of deemed employee status to Walsh & Albert through a "legal fiction." Etie further contends that Walsh & Albert was not a "subcontractor" under the terms of the Act but was, instead, an independent contractor not entitled to immunity from suit.

Walsh & Albert contends that the summary judgment was proper as a matter of law based on the exclusive remedy provision in the Act because Etie collected workers' compensation benefits. The exclusive remedy section of the Act provides

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

Tex. Lab.Code Ann. § 408.001(a) (Vernon 1996). We must determine whether Etie's sole remedy was collection of workers' compensation benefits.

### Standards of Review

The standard for reviewing a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be rendered as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Har-*

*rison County Housing Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). Here, the parties do not disagree about the underlying facts. Rather, they disagree about how to interpret the Act and the nature of Walsh & Albert's legal status. Both of these issues are matters of law, not fact, that require us to construe the Act.

We review matters of statutory construction de novo. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our objective is to determine and give effect to the Legislature's intent. Tex. Gov't Code § 312.005 (Vernon 1998); *City of San Antonio,* 111 S.W.3d at 25. We look first to the "plain and common meaning of the statute's words." *City of San Antonio,* 111 S.W.3d at 25. If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning. *Id.* We determine legislative intent from the entire act and not just its isolated portions. *Id.* Thus, we "read the statute as a whole and interpret it to give effect to every part." *Id.*

### Construction of the Statute

The Act authorizes a contractor to provide workers' compensation insurance coverage for subcontractors and the subcontractor's employees. Tex. Lab.Code Ann. § 406.123(a) (Vernon Supp.2004). An agreement to provide such coverage makes the general contractor "the employer of the subcontractor and the subcontractor's employees," for purposes of Texas workers' compensation law. Tex. Lab.Code Ann. § 406.123(e). The Act is silent as to lower tiers of subcontractors, *i.e.,* whether lower tier subcontractors are also the statutory employees of the general contractor for purposes of workers' compensation if the coverage includes the lower tier subcontractors.

■ Etie relies on the portion of the Act providing that a subcontractor and the

subcontractor's employees are *not* employees of the general contractor for purposes of the workers' compensation law if the subcontractor operates as an independent contractor. *See* TEX. LAB.CODE ANN. § 401.012(b)(2) (an employee is "a person other than an independent contractor or the employee of an independent contractor, who is engaged in construction, remodeling, or repair work for the employer at the premises of the employer."). Based on this definition, Etie argues that, because Walsh & Albert operated as an independent contractor, it was not an "employee" as defined in the Act and is therefore not immune to suit. Walsh & Albert acknowledged at oral argument that it was an independent contractor, which would appear to settle the issue. However, it does not. We conclude that the provision of workers' compensation insurance transforms an independent contractor into a "deemed employee."

The Act defines a general contractor as a person who "undertakes to procure the performance of work or a service, either separately or through the use of subcontractors." TEX. LAB.CODE ANN. § 406.121(1). A subcontractor is a person who "contracts with a general contractor to perform all or part of the work or services that the general contractor has undertaken to perform." TEX. LAB.CODE ANN. § 406.121(5). Way Engineering, by virtue of its contract with Clark Construction, was thus a subcontractor; and, by virtue of its contract with Walsh & Albert, it was also a general contractor.

Clark Construction provided workers' compensation coverage to all of the employees who worked at the site as part of its contract with Way Engineering. Way Engineering's contract with Walsh & Albert incorporated by reference all of the provisions of the contract between Clark Construction and Way Engineering. Consequently, Walsh & Albert and its employees were also covered by the workers' compensation insurance policy that Clark Construction purchased. Therefore, as a general contractor who provided workers' compensation coverage, Way Engineering became Walsh & Albert's "employer" for purposes of the workers' compensation statute. Walsh & Albert, and its employees, became Way Engineering's "employees." *See* TEX. LAB.CODE ANN. § 406.123(e).

Although Etie denominates this deemed employee status a "legal fiction," it is the same legal fiction that permits Way Engineering and its employees to be deemed employees of Clark Construction. The Act specifically recognizes this fiction by creating the deemed employee status and restricting its meaning only to the purposes of the Act. *See* TEX. LAB.CODE ANN. § 406.123(e).

The subchapter providing that an agreement to provide worker's compensation coverage makes the general contractor "the employer of the subcontractor and the subcontractor's employees," for purposes of Texas workers' compensation law is entitled, "SUBCHAPTER F. COVERAGE OF CERTAIN INDEPENDENT CONTRACTORS." *See* TEX. LAB.CODE ANN. § 406.123. Clearly, the Act contemplates that independent contractors may, in certain circumstances, be considered "employees" despite not meeting the definition of an "employee" in section 401.012(b)(2). Therefore, the "legal fiction" to which Etie refers when workers' compensation coverage is provided can encompass not only subcontractors who would otherwise be considered independent contractors, but also lower tier subcontractors who would otherwise be considered independent contractors. We see no reason why this shift in status from "independent contractor" to "deemed employee," with its concomitant protections, should be denied to lower tier subcontractors.

The express intent of the workers' compensation law is to ensure that injured workers are able to obtain reimbursement of their medical expenses without having to file suit or prove negligence. *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 554–55 (Tex.2001). To discourage employers from choosing to opt out of coverage when the Act was originally enacted in 1913, the Legislature included within it a penalty provision that precluded nonsubscribing employers from relying on common-law defenses to negligence in defending against their employees' personal injury actions. *Kroger Co. v. Keng*, 23 S.W.3d 347, 350 (Tex.2000). The Texas Supreme Court recently noted that the purposes of the Act are carried out by recognizing that the definitions of "employer" and "employee" and the exclusive remedy provision may apply to more than one employer. *Wingfoot Enterprs. v. Alvarado*, 111 S.W.3d 134, 142 (Tex.2003). The *Wingfoot* court also noted that if any of the employers declines to provide coverage, then it should be subject to common law liability. *Id.* at 143. Here, all employers provided coverage; thus none should be subject to common law liability.

We are persuaded that the purposes of the Act are best served by deeming immune from suit all subcontractors and lower tier subcontractors who are collectively covered by workers' compensation insurance. We hold that the Act's deemed employer/employee relationship extends throughout all tiers of subcontractors when the general contractor has purchased workers' compensation insurance that covers all of the workers on the site. All such participating employers/subcontractors are thus immune from suit. We further hold that the participating employees are fellow servants, equally entitled to workers' compensation benefits and equally immune from suit. By so holding, we do not abrogate the right of an injured worker to sue a subcontractor or its employees when that subcontractor retains its status as an independent contractor by choosing not to participate in workers' compensation coverage. Nor do we abrogate the right of an injured worker to sue a third-party who is not a covered employee, *e.g.*, a delivery person whose negligence causes an injury to a covered employee. We simply extend the statutory employer/employee relationship to lower tier subcontractors when they are covered by workers' compensation insurance.

### Conclusion

Because all tiers of subcontractors here provided and were covered by workers' compensation coverage, Etie's exclusive remedy was the workers' compensation benefits he received.

We overrule the sole point of error.

We affirm the summary judgment.