In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-152 CV


____________________



JOHN SUMMERS, Appellant



V.



ENTERGY GULF STATES, INC., Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-167,088






MEMORANDUM OPINION


 John Summers brought suit against Entergy Gulf States, Inc. for injuries sustained
while working at Entergy's Sabine Station plant as an employee of International Machine
Corporation (IMC). Entergy filed a motion for summary judgment, which the trial court
granted. Summers brings this appeal claiming the trial court erred in granting summary
judgment.

 Entergy moved for summary judgment on the basis that Summers' claims are barred
by the Texas Workers' Compensation Statute. Entergy argued that because it procured the
performance of work from IMC, and agreed to and provided workers' compensation
insurance coverage to IMC's employees, IMC's employees are deemed "employees" of
Entergy for the purposes of workers' compensation. Entergy relies on sections 406.123
and 408.001 of the Texas Labor Code. Section 406.123 provides, in pertinent part:

 (a) A general contractor and a subcontractor may enter into a written
agreement under which the general contractor provides workers'
compensation insurance coverage to the subcontractor and the employees of
the subcontractor.


 . . . . 


 (e) An agreement under this section makes the general contractor the
employer of the subcontractor and the subcontractor's employees only for
purposes of the workers' compensation laws of this state.


Tex. Lab. Code Ann. § 406.123 (a), (e) (Vernon Supp. 2005). Under section 408.001(a),
"[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee
covered by workers' compensation insurance coverage . . . against the employer or an
agent or employee of the employer for . . . a work-related injury sustained by the
employee." Tex. Lab. Code Ann. § 408.001 (a) (Vernon 1996). 

 Summers responded by contending the provisions of the Labor Code protect a
general contractor, not an owner, from suit. Section 406.121 defines a general contractor
as follows:

 (1) "General contractor" means a person who undertakes to procure
the performance of work or a service, either separately or through the use
of subcontractors. The term includes a "principal contractor," "original
contractor," "prime contractor," or other analogous term. The term does not
include a motor carrier that provides a transportation service through the use
of an owner operator.


Tex. Lab. Code Ann. § 406.121 (1) (Vernon 1996).

 As noted by the court in Williams v. Brown & Root, Inc., 947 S.W.2d 673, 677
(Tex. App.--Texarkana 1997, no writ), "[a] general contractor 'is any person who
contracts directly with the owner, the phrase not being limited to one undertaking to
complete every part of the work.' 17 C.J.S. Contracts § 11 (1963)." The court noted that
because Eastman did not contract with the owner but instead was the owner, Eastman
arguably was not protected. (1) Id. The court cited Wilkerson v. Monsanto Co., 782 F.Supp.
1187, 1189 (E.D. Tex. 1991), in support. The court in Monsanto found that "[a]s a
landowner who contracted to have certain work done on its property, Monsanto is the
principal. Monsanto is not in the posture of the prime contractor and is not a statutory
employer. Monsanto is therefore unable to claim the protection of the Texas Act's
exclusive remedy provision." Id. 

 We agree with Monsanto. In the absence of any authority to the contrary, we give
the statute its plain meaning. The statute provides that general contractors may become
statutory employers for workers' compensation purposes and thus become eligible for
immunity from suit. The definition of general contractor does not include an owner who
does not undertake to perform work or services and then subcontracted a part of that work. 
This is borne out by the definition of "subcontractor," providing,

 (5) "Subcontractor" means a person who contracts with a general
contractor to perform all or part of the work or services that the general
contractor has undertaken to perform.


Tex. Lab. Code Ann. § 406.121 (5) (Vernon 1996)(emphasis added). Entergy did not
establish it had undertaken to perform work or services and then subcontracted part of that
work to IMC, as a general contractor would have done.

 Entergy relies on Etie v. Walsh & Albert Co., Ltd., 135 S.W.3d 764 (Tex. App.--
Houston [1st Dist.] 2004, pet. denied). However, Etie would only apply to this case if
Entergy were a general contractor.

 We find Entergy did not establish as a matter of law that Summers' claims are
barred by sections 406.123 and 408.001 of the Texas Workers' Compensation Statute. 
Therefore, the trial court erred in granting summary judgment. The judgment of the trial
court is reversed and the cause remanded for further proceedings.

 REVERSED AND REMANDED.


 ______________________________

 DON BURGESS

 Justice


Submitted on November 11, 2004

Opinion Delivered December 30, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Although the statute at issue in that case is the predecessor to the one in the instant
case, it also defined a general contractor as "the person who has undertaken to procure the
performance of work or services." Williams v. Brown & Root, 947 S.W.2d at 676.