

# NUMBER 13-14-00278-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**TIC ENERGY AND CHEMICAL, INC.,**        **Appellant,**

**v.**

**KEVIN BRADFORD MARTIN,**        **Appellee.**

## On appeal from the 135th District Court
## of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez, and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

In this permissive interlocutory appeal, *see* TEX. R. APP. P. 28.3, appellant TIC Energy and Chemical, Inc. ("TIC") argues that the trial court erred in denying its motion for summary judgment in a lawsuit brought by appellee, Kevin Bradford Martin. The issue presented is whether the Texas Workers' Compensation Act ("TWCA") bars suit against an independent subcontractor whose employees were covered by the general

contractor's workers' compensation insurance policy.  We affirm.

## I. BACKGROUND

Martin, an employee of Union Carbide Corporation ("UCC"), suffered injuries while attempting to service heavy equipment at UCC's Seadrift, Texas, facility on September 5, 2012.  The injuries necessitated the amputation of Martin's leg.  Martin made a claim for and received benefits under UCC's worker's compensation insurance policy.  He subsequently sued TIC, a subcontractor at the Seadrift facility, for negligence.  TIC filed a motion for traditional summary judgment alleging that Martin's suit is barred under the exclusive remedy provision of the TWCA.  *See* TEX. LAB. CODE ANN. § 408.001 (West, Westlaw through 2013 3d C.S.).  After a hearing, the trial court denied the motion.  The trial court subsequently granted TIC permission to appeal the ruling, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (West, Westlaw through 2013 3d C.S.), and we accepted the appeal.  *See* TEX. R. APP. P. 28.3.

## II. DISCUSSION

TIC argues by one issue that the trial court erred in denying its motion for summary judgment "because, pursuant to the Texas Workers' Compensation Act, an employee of a general contractor is barred as a matter of law from asserting common law claims for a work-related injury against a subcontractor subscribing to the general contractor's worker's compensation policy."

### A.     Standard of Review

In advancing a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Joe v. Two Thirty Nine Joint Venture*, 145

S.W.3d 150, 157 (Tex. 2004). We review the trial court's summary judgment ruling de novo. *Joe*, 145 S.W.3d at 156; *Nalle Plastics Family L.P. v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B.    Applicable Law

The TWCA provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a).

Section 406.123 of the TWCA provides in relevant part:

(a)    A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor.

. . . .

(d)    If a general contractor . . . elects to provide coverage under Subsection (a) . . . , then, notwithstanding Section 415.006,[1] the actual premiums, based on payroll, that are paid or incurred by the general contractor . . . for the coverage may be deducted from the contract price or other amount owed to the subcontractor . . . by the general contractor . . . .

---

[1] Labor code section 415.006, entitled "Employer Chargebacks Prohibited," provides that it is an "administrative violation" for an employer to "collect from an employee, directly or indirectly, a premium or other fee paid by the employer to obtain workers' compensation insurance coverage, except as provided by Sections 406.123 and 406.144." TEX. LAB. CODE ANN. § 415.006 (West, Westlaw through 2013 3d C.S.).

3

(e)　　An agreement under this section makes the *general contractor the employer of the subcontractor and the subcontractor's employees only for purposes of the workers' compensation laws of this state*.

*Id.* § 406.123 (West, Westlaw through 2013 3d C.S.) (emphasis added).  On the other hand, section 406.122 provides that:

(b)　　A subcontractor and the subcontractor's employees are *not employees of the general contractor for purposes of this subtitle* if the subcontractor:

(1)　　is operating as an independent contractor;  and

(2)　　has entered into a written agreement with the general contractor that evidences a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work.

*Id.* § 406.122(b) (West, Westlaw through 2013 3d C.S.) (emphasis added).[2]

## C.　Analysis

TIC's summary judgment motion argues that the exclusive remedy provision applies to Martin's suit because, even though TIC is not Martin's employer, TIC is deemed to be a fellow "employee" of UCC under section 406.123 of the TWCA.  *See id.* § 408.001(a) (providing that exclusive remedy provision extends to claims made against an "employee of the employer").  TIC contends that it is a "deemed employee" of UCC because the two parties entered into a written agreement under which UCC provided workers' compensation insurance coverage to TIC and TIC's employees through an "Owner-Controlled Insurance Program" ("OCIP") operated by The Dow Chemical Company ("Dow"), UCC's corporate parent.  *See id.* § 406.123(a), (e); *see also HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 360 (Tex. 2009) (holding that an OCIP may qualify as

---

[2] In the statutes cited above, "this subtitle" refers to the entire TWCA; i.e., subtitle A of title 5 of the labor code.  *See generally id.* §§ 401.001–419.007 (West, Westlaw through 2013 3d C.S.).

4

"providing" workers' compensation insurance to subcontractors under section 406.123(a)). TIC also alleged that, "[a]cting under Dow's authority and in order to implement the OCIP, [UCC] deducted the cost of the actual OCIP premiums, based on payroll, for TIC's coverage from TIC's earnings under the Agreement." *See* TEX. LAB. CODE ANN. § 406.123(d).

In support of its motion, TIC attached a March 13, 2008 "Agreement for Services" between UCC and Gulf States, Inc. ("Gulf States"), TIC's predecessor, under which Gulf States agreed to provide certain mechanical maintenance services at the Seadrift facility. The agreement contained the following provision regarding insurance coverage:

> 18.3 Insurance Provided under "Owner Controlled Insurance Program" - UCC agrees upon the terms and conditions contained herein, as part of [Dow's OCIP], to procure, maintain during the life of this Contract, and pay for, in the name of [Gulf States], Workers' Compensation and Employer's Liability insurance and Commercial General Liability insurance in amounts equal to or, at UCC's sole discretion, greater than the minimum limits, required in Subsections 18.1.1 and 18.1.2 of the Contract.
>
> . . . .
>
> 18.3.1 The insurance in Section 18.3 is for the protection of [Gulf States] and any Subcontractors who will be performing services on UCC property as part of the Contract. . . .

UCC also attached an affidavit by a Dow representative which stated that "Dow's OCIP provided workers' compensation insurance coverage for [UCC]'s contractors and/or subcontractors enrolled in the program for on-site activities at the Seadrift facility." The Dow representative further averred that Gulf States's name change to TIC was properly reported to the OCIP administrator and that, "[a]t all material times, including at the time made the basis of this suit, TIC was an enrolled and active participant in Dow's OCIP program."

5

In response to TIC's summary judgment motion, Martin argued that the exclusive remedy provision did not apply because: (1) TIC is an independent contractor of UCC; and (2) TIC entered into a contract with UCC under which TIC "assume[d] the responsibilities of an employer for the performance of work." *Id.* § 406.122(b). Martin notes that independent contractors are explicitly excluded from the TWCA's definition of "employee." *See id.* § 401.012(b) (West, Westlaw through 2013 3d C.S.). Martin concedes on appeal that TIC's agreement with UCC is "similar" to the type of agreement contemplated by section 406.123. *See id.* § 406.123. However, he argues that section 406.123 is trumped by the language of the preceding statute, section 406.122, which states that a subcontractor who enters into an agreement with a general contractor and "assumes the responsibilities of an employer for the performance of work" is *not* a deemed employee. *Id.* § 406.122. Martin further notes that, under the agreement at issue, TIC— not UCC—is responsible for adequately supervising TIC's employees; for ensuring that TIC's employees follow work site rules and regulations; for "maintaining acceptable safety performance"; and for investigating incidents that occur on the work site. Finally, Martin points out that the agreement contains specific provisions designating UCC as the "statutory employer" for "Contractors providing Services in Louisiana" and "Contractors providing Services in Michigan" but that there is no similar clause for Texas workers. Martin argues that there is at least a disputed issue of material fact as to whether the agreement "evidences a relationship in which [TIC] assumes the responsibilities of an employer for the performance of work." *Id.* § 406.122(b)(2).

TIC does not appear to dispute the notion that it operated as an independent contractor; instead, it argues that it must be a "deemed employee" under section 406.123

6

regardless of its independent status. In support of its position, TIC cites *Garza v. Zachry Construction Corp.*, in which the San Antonio court of appeals held that a subcontractor was properly considered a "deemed employee" under section 406.123 and was therefore entitled to assert the exclusive remedy bar. 373 S.W.3d 715, 721 (Tex. App.—San Antonio 2012, pet. denied). This was the case even though the contract at issue contained language specifying that the subcontractor was an "independent contractor." *Id.* The First Court of Appeals reached a similar conclusion in *Etie v. Walsh & Albert Co.*, 135 S.W.3d 764 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In *Etie*, the injured plaintiff asserted that the appellee, a lower-tier subcontractor, could not be a "deemed employee" because the TWCA's definition of "employee" excludes independent contractors, and the subcontractor had conceded at oral argument that it was an independent contractor. *Id.* at 767 (citing TEX. LAB. CODE ANN. § 401.012(b)(2)).[3] The court disagreed, noting that the TWCA "[c]learly . . . contemplates that independent contractors may, in certain circumstances, be considered 'employees' despite not meeting the definition of an 'employee' in section 401.012(b)(2).'" *Id.* The court held that "the provision of workers' compensation insurance transforms an independent contractor into a 'deemed employee'" for TWCA purposes. *Id.* And the court saw "no reason why

---

[3] "Employee" is defined in the TWCA as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." *Id.* § 401.012(a). The term includes:

(1) an employee employed in the usual course and scope of the employer's business who is directed by the employer temporarily to perform services outside the usual course and scope of the employer's business;

(2) a person, *other than an independent contractor or the employee of an independent contractor*, who is engaged in construction, remodeling, or repair work for the employer at the premises of the employer; and

(3) a person who is a trainee under the Texans Work program established under Chapter 308.

*Id.* § 401.012(b) (emphasis added).

7

this shift in status from 'independent contractor' to 'deemed employee,' with its concomitant protections, should be denied to lower tier subcontractors." *Id.* The court held that "the purposes of the [TWCA] are best served by deeming immune from suit all subcontractors and lower tier subcontractors who are collectively covered by workers' compensation insurance"; but it hastened to add that "we do not abrogate the right of an injured worker to sue a subcontractor or its employees when that subcontractor retains its status as an independent contractor by choosing not to participate in workers' compensation coverage." *Id.* at 768.

Martin argues that *Garza* and *Etie* are distinguishable because they did not discuss section 406.122.[4] We agree. Although independent subcontractors were found in those cases to be "deemed employees" for purposes of the TWCA, the plaintiffs in those cases apparently did not argue that section 406.122, in particular, precluded the subcontractors from asserting "deemed employee" status. *Cf. Garza*, 373 S.W.3d at 719 (plaintiff argued that general contractor and subcontractor "contractually agreed [the subcontractor]'s employees would not be considered [the general contractor]'s employees for workers' compensation purposes"); *Etie*, 135 S.W.3d at 766–67 (plaintiff argued that subcontractor could not be "deemed employee" because TWCA's definition of "employee" excludes independent contractors and that the exclusive remedy bar may not be asserted by lower-tier contractors). *Garza* and *Etie* are therefore not controlling.

---

[4] In 2001, the Austin court of appeals had the opportunity to apply section 406.122 when it considered whether a general contractor was required to pay workers' compensation insurance premiums for a subcontractor's employees. *Bedrock Gen. Contractors, Inc. v. Tex. Workers' Comp. Ins. Fund*, No. 03-00-00426-CV, 2001 WL 253594, at *1–4 (Tex. App.—Austin Mar. 8, 2001, pet. denied). Citing section 406.122(b), the court held that the general contractor was liable for the premiums because there was no evidence of a "written agreement between [the general contractor and subcontractor] that evidenced an independent relationship." *Id.* at *8; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 406.122(b). The court did not address whether an independent contractor may also be a "deemed employee" under section 406.123(e).

The parties direct us to no other cases, and we find none, applying section 406.122. In particular, there appear to be no cases explicitly addressing a scenario, such as the one presented here, where a subcontractor enters into *both*: (1) an agreement with a general contractor under which the general contractor agrees to provide workers' compensation coverage to the subcontractor's employees, *see* TEX. LAB. CODE ANN. § 406.123(a); *and* (2) a written agreement with the general contractor under which the subcontractor assumes the responsibilities of an employer for the performance of work. *See id.* § 406.122(a). In such a scenario, section 406.123(e) unambiguously states that the general contractor is deemed the "employer" of the subcontractor for TWCA purposes, but section 406.122(b) unambiguously states that the subcontractor is *not* deemed an "employee" of the general contractor for TWCA purposes. *See id.* §§ 406.122(b), 406.123(e).

We therefore conclude that, as applied to these facts, the two statutes irreconcilably conflict. But TIC did not present this issue to the trial court in its motion for summary judgment; in fact, TIC's motion did not mention section 406.122 at all.[5] Moreover, neither party argued, at the trial court or on appeal, that the statutes conflict; rather, they both argue that one statute applies and the other does not.[6] The issue of how to resolve the conflict between the statutes was thus not before the trial court, and so we do not consider it here.[7] *See* TEX. R. APP. P. 33.1(a), 47.1. We merely hold that,

---

[5] Despite the fact that Martin argued for the application of section 406.122 in his response to TIC's summary judgment motion, TIC also does not address section 406.122 in its initial appellate brief.

[6] For example, in its reply brief on appeal, TIC argues that section 406.123 "provides an exception to the general framework of section 406.122 and deems the subcontractor the statutory employee of the general contractor, but only for workers' compensation insurance and nothing else." Martin argues in his brief on appeal that "[t]he clear intention of [section] 406.122(b) is to specify a subset of subcontractors who will *not* be deemed employees by the operation of [section] 406.123(e)."

[7] The summary judgment pleadings contained in the record before this Court do not contain any

9

because its motion did not establish that section 406.122(b) does not apply, TIC did not meet its summary judgment burden to establish its entitlement to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157. The trial court did not err in denying TIC's summary judgment motion.

## III. CONCLUSION

We affirm the judgment of the trial court.


DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of January, 2015.

---

citations to cases or other authority regarding the resolution of irreconcilably conflicting statutes. On appeal, TIC cites only one such case, *Jackson v. State Office of Administrative Hearings*, 351 S.W.3d 290, 298 (Tex. 2011) (setting forth the rule that "a more specific statute will prevail over a conflicting general provision"); Martin cites none.