# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00529-CV

**Matthew Eric Kershner, Appellant**

**v.**

**Samsung Austin Semiconductor, LLC, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-12-003687, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Matthew Eric Kershner appeals the trial court's summary judgment on his premises-liability claim against Samsung Austin Semiconductor, LLC, for personal injuries that he sustained while performing electrical work for a subcontractor of Samsung at one of Samsung's sites. In one issue, Kershner contends that summary judgment was improper because there was a material fact issue about whether he was employed by an independent contractor and, therefore, whether the "exclusive remedy provision" of the Texas Workers' Compensation Act (TWCA) applies, providing Samsung immunity from Kershner's tort claims. *See* Tex. Lab. Code § 408.001(a). We will affirm the trial court's final summary judgment.

The exclusive-remedy provision of the TWCA on which Samsung relied in its motion for summary judgment provides that, in exchange for guaranteeing that employees injured on the job are promptly covered for medical expenses, regardless of fault, a subscribing employer receives immunity from the tort claims of that employee, and the workers' compensation benefit is the employee's exclusive remedy. *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009); *see* Tex. Lab. Code § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). The so-called "exclusive remedy defense" immunizes employers not only against the tort claims of their direct employees but also immunizes those employers acting as general contractors who have expressly provided in writing for workers' compensation coverage for subcontractors and their employees. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 440, 444–45 (Tex. 2009) (holding that premises owner who "wears the hat of a general contractor" who subscribes to workers' compensation coverage under TWCA and enters into written agreement to provide coverage to all contractors and contractors' employees at its work site is entitled to assert "exclusive remedy defense"); *see also* Tex. Lab. Code § 406.123(a), (e) (providing that contractor may provide workers' compensation insurance coverage for subcontractors and subcontractor's employees and that agreement to provide such coverage makes general contractor "the employer of

---

[1] Because the parties are familiar with the facts, procedural background, and applicable standard of review, we dispense with a recitation of those here except as necessary to explain the reasons for our decision. *See* Tex. R. App. P. 47.4.

the subcontractor and the subcontractor's employees" for purposes of Texas workers' compensation law). The exclusive-remedy provision applies to all "tiers" of subcontractors. *See Etie v. Walsh & Albert Co.*, 135 S.W.3d 764, 767–68 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

It is undisputed that Samsung was acting as the general contractor of the construction project on its premises and that Kershner's employer, Spur Electric, Inc. (Spur), was a subcontractor of the electrical contractor hired by Samsung for the project. The summary-judgment record also contains (1) an "enrollment worksheet" signed by Spur expressly stating that Spur "hereby acknowledges and agrees that worker's compensation insurance coverage is being provided to [Spur] and its employees pursuant to an Owner/Contractor Controlled Insurance Program ('CCIP'/'OCIP')" and that such document "serves to memorialize the parties' agreement for purposes of Texas Labor Code sec. 406.123" and (2) a "Certificate of Insurance" showing that Spur had enrolled in Samsung's OCIP. Kershner neither contested this evidence nor submitted any controverting evidence on this point.

Instead, Kershner relies on evidence that purportedly creates a fact issue about whether, in addition to being a subcontractor, Spur is also an "independent contractor" as defined in the TWCA, contending that a determination that Spur *is* an independent contractor prohibits application of the exclusive-remedy provision. *See* Tex. Lab. Code §§ 406.121(2) (defining independent contractor), .122(a). Section 406.122(a) reads:

> For purposes of workers' compensation insurance coverage, a person who performs work or provides a service for a general contractor or motor carrier who is an employer under this subtitle is an employee of that general contractor or motor carrier, unless the person is:

3

> (1) operating as an independent contractor; or
>
> (2) hired to perform the work or provide the service as an employee of a person operating as an independent contractor.

*Id.* § 406.122(a). Essentially, Kershner seems to be arguing that section 406.122(a) supersedes section 406.123 and renders the general contractor's election to cover subcontractors under its workers' compensation insurance of no effect if the subcontractor also fits under the definition of "independent contractor." However, Kershner's argument is contrary to the plain language of the statutes and caselaw directly on point.

In *Etie v. Walsh & Albert Co., Ltd.*, the injured plaintiff, an employee of a subcontractor, made the very same argument that Kershner makes here, and the First Court of Appeals rejected it, holding that despite the subcontractor's concession that it was an "independent contractor," the general contractor's "provision of workers' compensation insurance [to subcontractors and their employees] transforms an independent contractor into a 'deemed employee.'" 135 S.W.3d at 767. The *Etie* court noted that "we do not abrogate the right of an injured worker to sue a subcontractor or its employees when that subcontractor retains its status as an independent contractor by choosing *not* to participate in workers' compensation coverage." *Id.* at 768 (emphasis added); *see* Tex. Lab. Code § 406.122(b) (providing that subcontractor and its employees are not deemed employees of general contractor if subcontractor is operating as independent contractor and "has entered into a written agreement with the general contractor that evidences a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work"); *Bedrock Gen. Contractors, Inc. v. Texas Workers' Comp. Ins. Fund*, No. 03-00-00426-CV, 2001 WL 253594, at *2–3, *8 (Tex. App.—Austin Mar. 8, 2001, pet. denied)

(not designated for publication). There is no evidence that Spur chose not to participate in the workers' compensation coverage provided by Samsung. Rather, the evidence conclusively establishes the opposite: that Spur explicitly agreed in writing to be bound by section 406.123 and enrolled in Samsung's workers' compensation insurance program.

The supreme court recently held that, even if a subcontractor indisputably qualifies as an "independent contractor" under section 406.122, an agreement meeting the requirements of section 406.123 controls: "Taken together, the only plausible reading of the statute is that section 406.122 states a general rule of employment status for workers' compensation purposes and section 406.123 deviates from that rule by creating the fiction of another." *TIC Energy & Chem., Inc. v. Martin*, No. 15-0143, __ S.W.3d __, 2016 WL 3136877, at *6 (Tex. June 3, 2016). Even assuming that Kershner's summary-judgment evidence raised a material fact issue about whether Spur was an "independent contractor" under the TWCA, the supreme court's *TIC Energy* opinion controls the outcome here. After *TIC Energy*, there can be no reasonable contention that parties such as those here (Spur and Samsung) would "make a section 406.123 agreement but opt out of the statutory employment relationship it creates . . . [and] we cannot fathom any reason . . . why a general contractor and a subcontractor would enter into an agreement under section 406.123 but disclaim whatever benefits and protections might ensue as a result." *Id.* at *8.

We overrule Kershner's sole issue on appeal and conclude that the trial court did not err in granting summary judgment in favor of Samsung on the basis of its asserted exclusive-remedy defense.

**CONCLUSION**

We affirm the trial court's final summary judgment in favor of Samsung.

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed:   July 22, 2016