ACCEPTED
03-15-00529-CV
7544586
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 4:12:22 PM
JEFFREY D. KYLE
CLERK

Case No. 03-15-00529-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 4:12:22 PM
JEFFREY D. KYLE
~~Clerk~~

In the Court of Appeals of Texas
Third District

**MATTHEW ERIC KERSHNER**
*Appellant*

v.

**SAMSUNG AUSTIN SEMICONDUCTOR, LLC**
*Appellee*

Appeal from the 53rd Judicial District Court, Travis County
Hon. Gisela D. Triana, Presiding
Trial Court Cause No. D-1-GN-12-003687

**APPELLANT'S BRIEF**

MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

Oral Argument Requested

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellants:** | **Matthew Eric Kershner** |
| Appellate and Trial Counsel: | Matthew J. Kita<br>P.O. Box 5119<br>Dallas, Texas 75208 |
| Trial Counsel: | Robert W. Lee<br>Lee Gober & Reyna<br>11940 Jollyville Road, Suite 220-S<br>Austin, Texas 78759 |
| **Appellees:** | **Samsung Austin Semiconductor, LLC** |
| Appellate and Trial Counsel: | Jeffrey D. Boyd<br>Fee, Smith, Sharp & Vitullo, LLP<br>816 Congress Avenue, Suite 1265<br>Austin, Texas 78701 |

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................ i

Index of Authorities ......................................................................... iii

Statement of the Case ...................................................................... iv

Statement Regarding Oral Argument ......................................................... v

Issues Presented ........................................................................... vi

Statement of Facts .......................................................................... 1

Summary of the Argument ..................................................................... 4

Argument ................................................................................... 5

I.      The trial court erred when granting summary judgment because
        genuine issues of material fact remain in dispute as to whether
        Kershner was Samsung's employee for workers-compensation
        purposes. ......................................................................... 5

Conclusion and Prayer ....................................................................... 8

Certificate of Compliance ................................................................... 9

Certificate of Service ...................................................................... 10

# INDEX OF AUTHORITIES

## CASES

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009) ................6

*TIC Energy & Chem., Inc. v. Martin,* No. 13-14-00278-CV, 2015 WL 127777 (Tex. App.—Corpus Christi Jan. 8, 2015, pet. filed) ................................7

*Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566 (Tex. 2006) ........................8

## STATUTES

Tex. Labor Code § 406.121 .................................................................6

Tex. Labor Code § 406.122.................................................................5

Tex. Labor Code § 406.123 ................................................................7

Tex. Labor Code § 408.001 ................................................................6

## Statement of the Case

**Nature of the Case:** Appellant sued Appellee for negligence, claiming that he suffered personal injuries as a result of Appellee's failure to maintain its premises in a reasonably safer manner and failed to warn of latent hazards.[1]

**Course of Proceedings:** Appellee filed a motion for summary judgment.[2]

**Trial Court's Disposition:** The trial court granted Appellee's motion.[3]

---

[1] C.R. 3–12.

[2] C.R. 18–32. Appellant also named Samsung E&C America, Inc. as a defendant, but nonsuited its claims against this defendant with prejudice. C.R. 175–76. The trial court acknowledged that this defendant had been dismissed in its final judgment. C.R. 221.

[3] C.R. 221.

## Statement Regarding Oral Argument

This case presents a question not previously addressed by this Court, namely, whether a general contractor can immunize itself from a lawsuit by purchasing workers-compensation insurance for the employees of subcontractors whose work it does not control. Because the answer to this question requires the Court to resolve fundamental disagreements between the parties regarding statutory construction, applicable case law, and public policy, Appellant respectfully submits that oral argument will assist the Court in its deliberations.

## Issues Presented

1.  Under Texas law, if a general contractor purchases workers-compensation insurance for the employees of its non-independent subcontractors, it may avail itself of the "exclusive-remedy defense" when such employees sue for workplace-related injuries. Here, the record reflects a fact issue as to whether Appellant worked for an independent or a dependent subcontractor. Did the trial court err when granting Appellee's motion for summary judgment based on the "exclusive-remedy defense"?

# STATEMENT OF FACTS

This appeal arises out of a workplace accident in which Appellant Matthew Eric Kershner was injured while working on property owned by Appellee Samsung Austin Semiconductor, LLC.[4] At the time of the accident, Samsung was managing a construction project on the premises, which it referred to as the "Saturn Project."[5] Samsung hired Durr Systems, Inc. as its electrical contractor.[6] Durr then hired Spur Electric, Inc. as a subcontractor to perform certain specialized services, including the installation of an alarm system that could be activated in the event of a chemical spill.[7] Kershner worked for Spur as an electrical apprentice.[8]

With respect to its work on the Saturn project, Spur used its own employees—whom it hired—to accomplish the tasks that Durr assigned it.[9] Spur paid its employees' wages.[10] Spur furnished the necessary tools,

---

[4] C.R. 3–12.

[5] C.R. 51 (Interrog. No. 2).

[6] C.R. 21.

[7] C.R. 73–74; 167.

[8] C.R. 167.

[9] C.R. 73–74; 168.

[10] C.R. 168.

supplies, and materials that its employees used to perform their work.[11] Finally, Spur's foremen directed the activities of its employees.[12]

On December 7, 2010, Kershner, while working in the course and scope of his responsibilities for Spur, seriously injured his left knee when he fell in a slippery cleaning solution on the floor of Samsung's facility.[13] He applied for—and received—workers' compensation benefits from Spur, and filed the underlying lawsuit against Samsung, claiming that it was negligent because it failed to warn him of a latent defect on the premises and therefore, breached its duty to keep its premises reasonably safe.

Spur filed a motion for summary judgment, arguing that because it purchased the workers' compensation policy that paid Kershner's benefits, the "exclusive-remedy provision" of the Texas Labor Code barred Kershner's suit as a matter of law.[14] In response, Kershner argued that the "exclusive-remedy provision" only applies to Samsung's employees and to employees of *dependent* contractors.[15] And because the summary-judgment

---

[11] C.R. 168.

[12] C.R. 168.

[13] C.R. 39–41 (Resp. to Interrogs. 9, 10, 12).

[14] C.R. 24–29.

[15] C.R. 159–66.

evidence contained (at the very least) a fact issue as to whether Spur was a dependent or an independent contractor, Kershner argued that Samsung failed to conclusively establish that it was entitled to judgment as a matter of law on the exclusive-remedy defense.[16] The trial court, however, granted Spur's motion for summary judgment without explanation,[17] and this appeal ensued.[18]

---

[16] C.R. 159–66.

[17] C.R. 221.

[18] C.R. 227.

## Summary of the Argument

Notwithstanding the fact that Samsung purchased workers-compensation insurance that covered Kershner, under the plain language of the Texas Labor Code, Samsung is not entitled to assert the "exclusive-remedy defense" if Kershner's employer was an independent contractor. Here, there are genuine issues of material fact in dispute on the question of whether Kershner's employer was an independent or dependent and therefore, Samsung did not conclusively establish that it was entitled to judgment as a matter of law. Accordingly, the trial court erred when granting Samsung's motion for summary judgment, and this Court should reverse and remand for a trial on the merits.

**I.** **The trial court erred when granting summary judgment because genuine issues of material fact remain in dispute as to whether Kershner was Samsung's employee for workers-compensation purposes.**

Samsung was not entitled to summary judgment because it failed to conclusively establish that Kershner was its "employee" for workers-compensation purposes. Section 406.122 of the Texas Labor Code specifically provides:

> For purposes of workers' compensation insurance coverage, a person who performs work or provides a service for a general contractor…who is an employer under this subtitle is an employee of that general contractor…, *unless* the person is…hired to perform the work or provide the service as an employee of a person operating as an independent contractor.[19]

Although it is undisputed that Samsung was acting as its own general contractor for the project at issue,[20] it is also undisputed that Kershner was an employee of Spur Electric at the time his accident occurred.[21] And because the evidence before the trial court demonstrated that Spur was operating as an independent contractor, Samsung was *not* Kershner's

---

[19] Tex. Labor Code § 406.122.

[20] C.R. 26–27.

[21] C.R. 20; 34–47.

employer for workers' compensation purposes, and therefore, is not entitled to immunity under the exclusive-remedy provision of the workers' compensation act.[22]

For purposes of this discussion, the definitions in Chapter 406 of the Labor Code are dispositive.[23] And according to section 406.121(2):

> "Independent contractor" means a person who contracts to perform work or provide a service for the benefit of another and who ordinarily:
>
> (A)  acts as the employer of any employee of the contractor by paying wages, directing activities, and performing other similar functions characteristic of an employer-employee relationship;
>
> (B)  is free to determine the manner in which the work or service is performed, including the hours of labor of or method of payment to any employee;
>
> (C)  is required to furnish or to have employees, if any, furnish necessary tools, supplies, or materials to perform the work or service; and
>
> (D)  possesses the skills required for the specific work or service.

---

[22] Tex. Labor Code § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage.")

[23] *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) ("We do not look to the ordinary, or commonly understood, meaning of the term because the Legislature has supplied its own definition, which we are bound to follow.")

Notably, Samsung's motion for summary judgment never addressed section 406.122. Instead, it contended that it was entitled to summary judgment simply because it purportedly complied with the requirements in section 406.123, which authorizes a general contractor to purchase workers' compensation insurance for the employees of its subcontractors.[24] But as the Thirteenth Court of Appeals held earlier this year in *TIC Energy and Chemical v. Martin*, a general contractor seeking summary judgment under section 406.123 *also* has the burden to establish that section 406.122 does *not* apply.[25] Because it failed to do so, the trial court should have denied Samsung's motion for summary judgment.

Moreover, even if this Court were not inclined to follow the holding in *Martin*, Kershner's summary-judgment evidence included his own declaration in which he affirmed that:

— Spur contracted with Durr Systems to perform work at Samsung's facility.

— Durr hired Spur to perform a specific service, namely, the installation of a HazMat alarm system that could be activated in the event of a chemical spill.

---

[24] C.R. 24–27.

[25] *TIC Energy & Chem., Inc. v. Martin,* No. 13-14-00278-CV, 2015 WL 127777, at *4 (Tex. App.—Corpus Christi Jan. 8, 2015, pet. filed).

— The installation of a HazMat alarm system is the type of project that Spur routinely performed.

— Spur used all of its own employees to perform its work on the Samsung project, all of whom were hired by Spur.

— Spur paid its employees' wages, and furnished the necessary tools, supplies, and materials that they used to perform their work.

— Spur's foremen directed the activities of all the Spur employees by instructing them on what to do, how to do it, and when to do it.[26]

Because the standard of review requires this Court to accept all of Kershner's evidence as true, to view the evidence in the light most favorable to him, and to resolve any doubts in his favor,[27] Samsung's no-evidence motion for summary judgment also cannot be affirmed.

## Conclusion and Prayer

A defendant is not entitled to summary judgment on an affirmative defense unless it conclusively establishes that there are no genuine issues of material facts in dispute. Here, there is an obvious fact question as to whether Kershner was employed by an independent or a dependent subcontractor. Because the Labor Code specifically states that employees of independent contractors are *not* deemed employees of general contractors

---

[26] C.R. 168.

[27] *See, e.g.*, *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006).

for workers-compensation insurance purposes, Samsung has not conclusively established that it can prevail on the "exclusive-remedy defense." Accordingly, the trial court erred when granting Samsung's motion for summary judgment. This Court, therefore, should reverse and remand this case for a new trial, and grant Kershner all other relief to which he has shown himself to be justly entitled.

Respectfully submitted,

/s/ Matthew J. Kita
MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 1,381 words (excluding the parts of the brief exempted by this rule).

Signed this 26th day of October, 2015.

/s/ Matthew J. Kita
MATTHEW J. KITA

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this brief was served on the following counsel via e-filing in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on October 26, 2015.

*Counsel for Appellee:*

Jeffrey D. Boyd
Fee, Smith, Sharp & Vitullo, LLP
816 Congress Avenue, Suite 1265
Austin, Texas 78701

/s/ Matthew J. Kita
MATTHEW J. KITA

CAUSE NO. D-1-GN-12-003687

| | | |
|---|---|---|
| MATTHEW ERIC KERSHNER | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 53RD JUDICIAL DISTRICT |
| | § | |
| SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC AND | § | |
| SAMSUNG E&C AMERICA, INC. | § | TRAVIS COUNTY, TEXAS |

*Filed in The District Court of Travis County, Texas AUG 21 2015 BH At 9:57 A.M. Velva L. Price, District Clerk*

### ORDER GRANTING DEFENDANTS' FIRST AMENDED
### TRADITIONAL and NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment in the above-styled and numbered cause came on to be heard. The Court, having considered said Motion and all Responses and Replies, the pleadings on file, the evidence, and the arguments of counsel, and noting that Samsung E&C America, Inc. has been nonsuited with prejudice, is of the opinion that said Motion is meritorious and should be in all things **GRANTED AS TO SAMSUNG AUSTIN SEMICONDUCTOR.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' First Amended Traditional and No-Evidence Motion for Summary Judgment in the above-styled and numbered cause is hereby **GRANTED AS TO SAMSUNG AUSTIN SEMICONDUCTOR.**

SIGNED this 21 day of August , 2015.

_____
**PRESIDING JUDGE**





221

> Vernon's Texas Statutes and Codes Annotated
>   Labor Code (Refs & Annos)
>     Title 5. Workers' Compensation
>       Subtitle A. Texas Workers' Compensation Act
>         Chapter 406. Workers' Compensation Insurance Coverage (Refs & Annos)
>           Subchapter F. Coverage of Certain Independent Contractors

V.T.C.A., Labor Code § 406.121

§ 406.121. Definitions

Currentness

In this subchapter:

(1) "General contractor" means a person who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors. The term includes a "principal contractor," "original contractor," "prime contractor," or other analogous term. The term does not include a motor carrier that provides a transportation service through the use of an owner operator.

(2) "Independent contractor" means a person who contracts to perform work or provide a service for the benefit of another and who ordinarily:

(A) acts as the employer of any employee of the contractor by paying wages, directing activities, and performing other similar functions characteristic of an employer-employee relationship;

(B) is free to determine the manner in which the work or service is performed, including the hours of labor of or method of payment to any employee;

(C) is required to furnish or to have employees, if any, furnish necessary tools, supplies, or materials to perform the work or service; and

(D) possesses the skills required for the specific work or service.

(3) "Motor carrier" means a person who operates a motor vehicle over a public highway in this state to provide a transportation service or who contracts to provide that service.

(4) "Owner operator" means a person who provides transportation services under contract for a motor carrier. An owner operator is an independent contractor.

**Appendix 2**

(5) "Subcontractor" means a person who contracts with a general contractor to perform all or part of the work or services that the general contractor has undertaken to perform.

(6) "Transportation service" means providing a motor vehicle, with a driver under contract, to transport passengers or property.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

**Editors' Notes**

### REVISOR'S NOTE

### 2015 Main Volume

The source law refers to "tools, supplies, or materials." The reference to "supplies" is omitted from the revised law because, as used in the source law, "supplies" is included within the meaning of "materials."

Notes of Decisions (6)

V. T. C. A., Labor Code § 406.121, TX LABOR § 406.121
Current through the end of the 2015 Regular Session of the 84th Legislature

                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Appendix 3**

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
Labor Code (Refs & Annos)
Title 5. Workers' Compensation
Subtitle A. Texas Workers' Compensation Act
Chapter 406. Workers' Compensation Insurance Coverage (Refs & Annos)
Subchapter F. Coverage of Certain Independent Contractors

V.T.C.A., Labor Code § 406.122

§ 406.122. Status as Employee

Currentness

(a) For purposes of workers' compensation insurance coverage, a person who performs work or provides a service for a general contractor or motor carrier who is an employer under this subtitle is an employee of that general contractor or motor carrier, unless the person is:

(1) operating as an independent contractor; or

(2) hired to perform the work or provide the service as an employee of a person operating as an independent contractor.

(b) A subcontractor and the subcontractor's employees are not employees of the general contractor for purposes of this subtitle if the subcontractor:

(1) is operating as an independent contractor; and

(2) has entered into a written agreement with the general contractor that evidences a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work.

(c) An owner operator and the owner operator's employees are not employees of a motor carrier for the purposes of this subtitle if the owner operator has entered into a written agreement with the motor carrier that evidences a relationship in which the owner operator assumes the responsibilities of an employer for the performance of work.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Notes of Decisions (172)

V. T. C. A., Labor Code § 406.122, TX LABOR § 406.122

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

- Appendix 5 -

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 406. Workers' Compensation Insurance Coverage (Refs & Annos)
          Subchapter F. Coverage of Certain Independent Contractors

V.T.C.A., Labor Code § 406.123

§ 406.123. Election to Provide Coverage; Administrative Violation

Effective: September 1, 2005
Currentness

(a) A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor.

(b) If a general contractor has workers' compensation insurance to protect the general contractor's employees and if, in the course and scope of the general contractor's business, the general contractor enters into a contract with a subcontractor who does not have employees, the general contractor shall be treated as the employer of the subcontractor for the purposes of this subtitle and may enter into an agreement for the deduction of premiums paid in accordance with Subsection (d).

(c) A motor carrier and an owner operator may enter into a written agreement under which the motor carrier provides workers' compensation insurance coverage to the owner operator and the employees of the owner operator.

(d) If a general contractor or a motor carrier elects to provide coverage under Subsection (a) or (c), then, notwithstanding Section 415.006, the actual premiums, based on payroll, that are paid or incurred by the general contractor or motor carrier for the coverage may be deducted from the contract price or other amount owed to the subcontractor or owner operator by the general contractor or motor carrier.

(e) An agreement under this section makes the general contractor the employer of the subcontractor and the subcontractor's employees only for purposes of the workers' compensation laws of this state.

(f) A general contractor shall file a copy of an agreement entered into under this section with the general contractor's workers' compensation insurance carrier not later than the 10th day after the date on which the contract is executed. If the general contractor is a certified self-insurer, the copy must be filed with the division.

(g) A general contractor who enters into an agreement with a subcontractor under this section commits an administrative violation if the contractor fails to file a copy of the agreement as required by Subsection (f).

(h) Notwithstanding Subsection (b), a person who performs work or provides a service for an oil or gas well operator and who is an independent contractor that has no employees shall be treated in the same manner as an independent contractor with

**Appendix 6**

employees and is not entitled to coverage under the general contractor's workers' compensation insurance policy unless the independent contractor and the general contractor enter into an agreement under this section.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 88, § 1, eff. Sept. 1, 1997; Acts 2005, 79th Leg., ch. 265, § 3.038, eff. Sept. 1, 2005.

Notes of Decisions (28)

V. T. C. A., Labor Code § 406.123, TX LABOR § 406.123
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

- Appendix 7 -

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 408. Workers' Compensation Benefits (Refs & Annos)
          Subchapter A. General Provisions

V.T.C.A., Labor Code § 408.001

§ 408.001. Exclusive Remedy; Exemplary Damages

Effective: September 1, 2005
Currentness

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

(c) In this section, "gross negligence" has the meaning assigned by Section 41.001, Civil Practice and Remedies Code.

(d) A determination under Section 406.032, 409.002, or 409.004 that a work-related injury is noncompensable does not adversely affect the exclusive remedy provisions under Subsection (a).

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.077, eff. Sept. 1, 2005.

**Editors' Notes**

**REVISOR'S NOTE**

**2015 Main Volume**

The source law refers to the "agent, servant, or employee" of an employer. The reference to "servant" is omitted from the revised law because, as used in the source law, "servant" is included within the meaning of "employee."

Notes of Decisions (594)

V. T. C. A., Labor Code § 408.001, TX LABOR § 408.001
Current through the end of the 2015 Regular Session of the 84th Legislature

**Appendix 8**